NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL CARROLL, : | |
| : | Civil Action No. 08-2565 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| JOHN E. POTTER, et al., : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**CHESLER**, District Judge

 This matter comes before the Court upon the motion to dismiss filed by Defendants John E. Potter, United States Postal Service, Eugene Naviello and Lisa Bivens (collectively, "Defendants") [docket item no. 15]. Defendants seek dismissal of a portion of the Complaint. The Court has opted to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. Plaintiff Cheryl Carroll has opposed the motion. The Court has considered the papers filed by the parties in connection with this motion. For the reasons discussed below, Defendants' motion will be granted.

**I.  BACKGROUND**

 Plaintiff Cheryl Carroll is an African-American female who has been employed by the United States Postal Service ("USPS") since 1987. She alleges in the Complaint that she has

suffered racial and sexual discrimination in connection with her employment. According to the Complaint, Defendant Eugene Naviello ("Naviello"), one of Plaintiff's superiors, has repeatedly subjected her to a hostile work environment by making sexual advances towards her and has conspired with others, including Defendant Lisa Bivens ("Bivens"), Plaintiff's supervisor, to cause Plaintiff to be under-paid. She also alleges that Defendants have retaliated against her for opposing the discriminatory employment practices and for filing grievances and complaints with the Equal Employment Opportunity Commission related to the workplace conditions. Based on these allegations, Plaintiff filed the instant Complaint, which asserts against all Defendants claims pursuant to 42 U.S.C. §§ 1981, 1985, and 1986,[1] claims for redress under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"), and a claim for civil conspiracy.

Defendants Naviello and Bivens move pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) to dismiss the Complaint in its entirety for lack of jurisdiction. Defendant USPS also moves to dismiss the Complaint for lack of jurisdiction, pursuant to Rules 12(c) and 12(h)(3). Defendant John Potter ("Potter"), the Postmaster General, moves to dismiss all but the Title VII claims, pursuant to Rule 12(c) and 12(h)(3). In her opposition brief, Plaintiff states that she voluntarily dismisses all of the claims against the USPS, the § 1983 claim against all Defendants, the civil conspiracy claim against all Defendants, and the § 1981 and § 1985 claims against Potter. Thus, remaining at issue in this motion is the viability of the Title VII claims, the § 1981 claim and the § 1985 claim against Naviello and Bivens.

---

[1] Based on her claim to relief under these statutory provisions, Plaintiff also asserts a claim for attorneys' fees under 42 U.S.C. § 1988.

**II.   DISCUSSION**

The principal question presented on this motion to dismiss is whether this Court has jurisdiction over various civil rights and Title VII claims brought by Plaintiff against two of her superiors to remedy the discrimination she alleges she experienced as an employee of the USPS. The Court holds that the only claims over which it has jurisdiction are Plaintiff's Title VII claims against Defendant Potter.

The parties do not dispute that as an employee of the USPS, Plaintiff is and was at all relevant times a federal employee. It is well-established that Title VII provides the exclusive remedy for alleged wrongdoing and discrimination related to an individual's federal employment. Brown v. Gen. Servs. Admin., 425 U.S. 820, 828-29 (1976) (holding that remedial scheme provided under Title VII, 42 U.S.C. § 2000e-16, is the exclusive remedy available to a federal employee complaining of discrimination related to his or her federal employment); Wilson v. Potter, 159 F. App'x 415, 417 (3d Cir. 2005) (affirming dismissal of all non-Title VII claims brought by former United States Postal Service employee); Owens v. United States, 822 F.2d 408, 409-10 (3d Cir. 1987) (affirming district court's dismissal of constitutional and statutory claims against staff physician at Veterans Administration hospital brought by clerical worker for alleged sexual harassment, holding Title VII precludes those claims); Gissen v. Tackman, 537 F.2d 784, 786-87 (3d Cir. 1976) (holding district court lacked subject matter jurisdiction over various statutory claims, including claims under § 1981 and § 1985, brought by a former employee of the Department of Housing and Urban Development for job-related discrimination,

in light of exclusivity of remedy provided by Title VII).

Plaintiff cites various cases for the proposition that she can pursue relief under Title VII while simultaneously proceeding with civil rights claims under 42 U.S.C. §§ 1981 and 1985 against Naviello and Bivens for their individual acts of racial discrimination.  See, e.g., Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991) (involving claims of discrimination with respect to a position with city police department); Southard v. Texas Bd. Of Criminal Justice, 114 F.3d 539 (5th Cir. 1997) (involving sexual harassment and hostile work environment claims brought by correctional officers against state Department of Criminal Justice).  These cases, apart from representing the non-binding decisions of courts outside the Third Circuit, are also inapposite because none involves a *federal* employee claiming discrimination in connection with his or her *federal* employment.[2]  As recently noted by Chief Judge Garrett E. Brown in Stevenson v. United States Post Office, "[o]ur Circuit has consistently held that 'Title VII provides federal employees with a remedy that precludes actions for constitutional or other statutory claims.'"  Stevenson v. United States Post Office, No. 04-5971, 2008 WL 108891, *4 (D.N.J. Jan. 9, 2008) (quoting Wilson, 159 F.App'x at 417).

In short, this Court lacks subject matter jurisdiction to entertain the § 1981 and § 1985 claims she asserts in the Complaint, and they will be dismissed.  Additionally, as no viable claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 or 1986 remain, the Court will also dismiss Plaintiff's claim under 42 U.S.C. § 1988.

---

[2] Indeed, as Defendants point out in their reply brief, the law in the Fifth and Tenth circuits, out of which the cases cited by Plaintiff issued, is that "Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees." Jackson v. Windall, 99 F.3d 710, 716 (5th Cir. 1996); Ford v. West, 222 F.3d 767, 773 (10th Cir. 2000) (holding same).

The Title VII claims may only proceed as against Defendant Potter. As the Postmaster General, he is the head of the United States Postal Service, where Plaintiff claims she suffered employment discrimination. The law is clear that "[t]he only proper defendant in a Title VII action is the head of the agency in which the allegedly discriminatory acts occurred." Wilson, 159 F.App'x at 417 (citing 42 U.S.C. § 2000e-16(c)); see also Stevenson, 2008 WL 108891, at *4 (dismissing Title VII claims against all defendants other than Postmaster General). Any and all Title VII claims the Plaintiff purports to assert against Naviello and Bivens must be dismissed.

### III. CONCLUSION

For the foregoing reasons, and in light of Plaintiff's voluntary dismissal of certain claims, the Court will issue an order dismissing all claims against Naviello, Bivens and the USPS and all but the Title VII claims against Potter.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

DATED: March 25, 2009